UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK PARKER, JR., #236023,

    Petitioner,

                                       Civil No: 08-13824
                                       Honorable Denise Page Hood
                                       Magistrate Judge Mona K. Majzoub

v.

RAYMOND D. BOOKER,

    Respondent.
_____/

**OPINION & ORDER GRANTING
RESPONDENT'S MOTION TO DISMISS**

Petitioner, Jack Parker, Jr., ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner, who is currently incarcerated at Ryan Correctional Facility in Detroit, Michigan, challenges his conviction for second-degree murder. Respondent has filed a "Motion to Dismiss" on the ground that the petition contains three unexhausted claims. For the reasons stated below, the Court concludes that Petitioner's issues of: (1) whether Petitioner did not receive a fair trial due to Oakland County's failure to provide sufficient monetary resources for the indigent defense fund; (2) whether a retrial in Petitioner's case would be tainted due to the adverse effects of insufficient indigent defense funding; and (3) whether there was cumulative error, are unexhausted, and therefore, shall dismiss the petition without prejudice, so that Petitioner may return to state court to exhaust these claims.

**I. Background**

Following a jury trial in Oakland County, on April 27, 2005, Petitioner was convicted of second-degree murder, Mich. Comp. Laws, §750.317. He was sentenced as a fourth habitual offender, Mich. Comp. Laws, §769.12, to 50 to 100 years' imprisonment.

Petitioner filed his claim of appeal with the Michigan Court of Appeals within the appropriate time. Subsequently, Petitioner filed an *in pro per* supplemental brief raising five additional claims. On February 15, 2007, the Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Parker,* No: 263276, 2007 WL 486485, 2007 Mich. App. Lexis 368 (Mich. Ct. App. Feb. 15, 2007). Petitioner then filed a timely application for leave to appeal with the Michigan Supreme Court, presenting the same claims raised in the Michigan Court of Appeals plus an additional two issues. The Michigan Supreme Court denied leave to appeal on September 10, 2007. *People v. Parker,* 480 Mich. 854; 737 N.W.2d 506 (Mich. 2007). Afterwards, Petitioner filed a motion for reconsideration with the Michigan Supreme Court which was denied on November 29, 2007. *People v. Parker,* 480 Mich. 960; 741 N.W.2d 317 (Mich. 2007).

Petitioner then filed the pending petition for a writ of habeas corpus. He presents the following claims for habeas relief: (1) ineffective assistance of trial counsel; (2) pre-arrest delay in charging him in this matter, a violation of his rights under the statutory 180-day rule, and a violation of his right to a speedy trial; (3) failure by Oakland County to provide sufficient monetary resources for the indigent defense fund; (4) violation by the Michigan Supreme Court to follow mandatory language within the Michigan Constitution;

(5) a retrial of Petitioner would be tainted due to insufficient indigent defense funding; and

(6) cumulative error.

## II. Discussion

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. §2254(b)(1). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. See 28 U.S.C. §2254(b)(1)(a) and (c); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000). A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik,* 986 F.2d 1506, 1516 (6th Cir. 1993), see also *Prather v. Rees,* 822 F.2d 1418, 1420 (6th Cir. 1987)(holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations").

A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. See *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); see also *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Here, Petitioner did not present the above referenced claims to the Michigan Court of Appeals or the Michigan Supreme Court. Those

claims are, therefore, unexhausted.

However, the exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, 2000 U.S. App. Lexis 1944, *4 (6th Cir. Feb. 9, 2000) (citing *Duckworth v. Serrano,* 454 U.S. 1, 3, 70 L. Ed. 2d 1, 102 S. Ct. 18 (1981)).  The Court must therefore consider whether Petitioner has an avenue available for exhaustion of his unexhausted claims in state court.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims.  Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500, et. seq., which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims.  Subsequently, Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  In this case, although Petitioner's unexhausted claims appear to be substantively weak, the Court finds that they should be addressed to, and considered by, the state courts in the first instance so that the state courts have an opportunity to decide whether Petitioner's claims regarding  indigent defendant funding, a retrial, and cumulative error have merit.

Accordingly, this Court will dismiss Petitioner's petition without prejudice for failure to exhaust state court remedies.  Petitioner may move  to reopen this matter upon either exhausting his state court remedies *or* upon his decision to delete the  unexhausted claims and to proceed on his exhausted claims. In order not to "jeopardize the timeliness of a

collateral attack" the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition until Petitioner returns to federal court. See *Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002), quoting *Zarvela v. Artuz,* 254 F.3d 374, 380 (2d. Cir. 2001). This tolling of the limitations period is conditioned upon Petitioner pursuing exhaustion of state court remedies within sixty (60) days from the date of this order and returning to federal court within sixty (60) days of exhausting his state court remedies. Alternatively, the tolling of the limitations period is conditioned upon Petitioner returning to federal court within sixty (60) days from the date of this order with a habeas petition which has the unexhausted claims deleted.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that "Respondent's Motion to Dismiss" **[Docket No. 5, Dec. 8, 2008]** is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. §2244(d)(1) shall be tolled from the date Petitioner filed the pending petition until the time Petitioner returns to federal court to pursue habeas relief, provided that Petitioner pursues exhaustion of state court remedies OR deletes the unexhausted claims within **sixty (60) days** of the date of this order and seeks leave to reopen these habeas corpus proceedings within **sixty (60) days** of exhausting state court remedies or of deleting his unexhausted claims.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: February 26, 2009

 I hereby certify that a copy of the foregoing document was served upon counsel of record and Jack Parker, Jr., Reg. No. 236023, Ryan Correctional Facility, 17600 Ryan Rd., Detroit, MI 48212 on February 26, 2009, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager